IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TRAVIS TRUESDALE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DR. ROBERT MARSH, et al., | : | NO. 19-2296 |
| Respondents. | : | |

**MEMORANDUM SUR ORDER TO SHOW CAUSE**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                      September 11, 2019

Before the Court for Report and Recommendation is the *pro se* petition for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Travis Truesdale, a state prisoner confined at SCI-Benner in Bellefonte, Pennsylvania. Truesdale was sentenced to an aggregate term of 35 to 70 years following his conviction to charges of rape, unlawful contact with a minor, involuntary deviate sexual intercourse ("ISDI"), and unlawful restraint in Case No. CP-51-CR-0014665-2011. Petitioner entered a non-negotiated guilty plea to these charges on January 4, 2013 in the Philadelphia Court of Common Pleas and now seeks habeas relief on grounds relating to the lawfulness of his plea, the alleged ineffective assistance of counsel relating to the entry of the plea, and counsel's failure to seek the recusal of the court. As we set out below, Truesdale's petition was not filed within the time period set forth by the governing statute. We are filing this Memorandum in support of our order to Petitioner to show cause why this matter should not be dismissed as untimely.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Following entry of what is characterized on the docket as a "non-negotiated" guilty plea on July 20, 2012, Truesdale was convicted of rape, unlawful contact with a minor, ISDI, and unlawful restraint. Several other charges that had been filed related to the incident, which occurred on October 15, 2011, were *nolle prossed*. Sentencing was deferred pending a sex offender assessment. On January 4, 2013, the court sentenced Truesdale to a term of incarceration of 10-20 years for the rape conviction, a consecutive term of 10-20 years for the unlawful contact with a minor conviction, a further consecutive term of 10-20 years for the ISDI conviction, and a further consecutive term of 5-10 years for the unlawful restraint conviction. (CP Crim. Dkt. at 1-9.)

The defense filed a motion on January 14, 2013 seeking reconsideration of the sentence, which the court denied on January 31, 2013. In its order, the court also permitted defense counsel to withdraw and identified a new attorney "to be appointed for the purposes of appeal processes." (*Id.* at 9.) That attorney did not promptly enter his appearance, but on May 24, 2013, the court reinstated Truesdale's direct appeal rights and on May 31, 2013, appointed appellate counsel filed a notice of appeal to the Superior Court. (*Id.* at 9-10.) On May 22, 2014, the Superior Court affirmed the conviction. *Commonwealth v. Trusedale*, No. 1593 EDA 2013, 2014 WL 10936943 (Pa. Super. Ct. May 22, 2014). Petitioner did not seek allowance of appeal in the Pennsylvania Supreme Court.

On March 6, 2015, Truesdale filed a *pro se* PCRA petition. Beginning at this point, the trajectory of his case was coupled with that of an unrelated conviction, in Case No. CP-51-CR-

---

[1] In the state court dockets and opinions, Petitioner's surname is spelled "Trusedale." In his habeas petition, he has used the spelling "Truesdale." Apart from our citations to the state court decisions or dockets, we use the spelling found in the habeas petition before us.

0014556-2011. As reflected on both cases' dockets, counsel was appointed and filed an amended petition on July 20, 2016. The PCRA Court dismissed the petition on May 25, 2017 and counsel pursued an appeal to the Superior Court, which affirmed on June 12, 2018. The docket and opinion in that appeal reflected that the appeal was from the PCRA Order of May 25, 2017 at both CP-51-CR-0014556-2011 and CP-51-CR-0014665-2011. *Commonwealth v. Trusedale*, No. 1893 EDA 2017, 2018 WL 2929107 (Pa. Super. Ct. June 12, 2018). Petitioner sought further review, but the Pennsylvania Supreme Court denied allowance of appeal on December 19, 2018. *Commonwealth v. Trusedale*, No. 310 EAL 2018.

Truesdale submitted a *pro se* § 2254 habeas petition to this Court on May 19, 2019, which was docketed on May 24, 2019 at Civil Action No. 19-2296. It identified that conviction challenged as both of the CP cases described above. On June 10, 2019, the Honorable Berle M. Schiller referred the petition to me for preparation of a Report and Recommendation. Upon our recommendation, the Court severed the two cases, such that the challenge to the convictions of rape, *etc.*, at CP-51-CR-0014665-2011 remain in this civil action. Petitioner's challenge to his unrelated conviction of robbery, *etc.*, at CP-51-CR-0014556-2011, is now being addressed at Civil Action No. 19-3920. Both matters are before me for Report and Recommendation.

We have not yet required that an answer to the petition be filed by the Philadelphia District Attorney. *See* Rule 4, Rules Governing § 2254 Habeas Petitions (contemplating initial review by the court before ordering that an answer to the petition be filed). Before filing our Report and making our Recommendation, however, we find it proper to give Petitioner an opportunity to be heard on one of the specific procedural defects apparent in his present petition.

## II. DISCUSSION

Upon our review of the petition, we observed that when asked on the form petition to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d)[2] does not bar [his] petition," Truesdale responded: "N/A." (Pet. at 17.) Unlike Petitioner, we find this provision to appear quite applicable to his petition. As we set out below, we will highlight this significant potential procedural hurdle in order that Truesdale will have an opportunity to come forward with any facts that might support a finding that he satisfies the statute of limitations or that he qualifies for any exception to dismissal on timeliness grounds.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), legislation that pre-dates Petitioner's convictions, imposed a one-year period of limitations for the filing of an application for a writ of habeas corpus. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

---

[2] That statutory provision is reprinted in full in the form petition. *See* Pet. at 18.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Truesdale does not purport to identify which subsection of (d)(1) applies to his petition. Nothing that he has asserted with respect to the legal basis for his claims suggest that (d)(1)(C) would apply, nor has he referred to factual predicates of his claims that were discoverable only at some later date as to trigger (d)(1)(D). Finally, he has not described any State action that impeded his filing this habeas petition at an earlier time as to implicate (d)(1)(B). Therefore, it appears that the limitation period would run from the date dictated by (d)(1)(A).

Based upon the information provided in his petition, and as confirmed by online review of the publicly-available state court docket sheets and opinions, Truesdale's judgment of conviction became final upon the expiration of the time to seek allowance of appeal in the Pennsylvania Supreme Court from the May 22, 2014 decision of the Superior Court affirming his conviction. Accordingly, his conviction became final on June 21, 2014 and the AEDPA limitations period began to run from that date. His PCRA petition was docketed on March 6, 2015, after 258 days of the AEDPA limitations period had elapsed. Litigation of his timely PCRA petition tolled the AEDPA limitations period until that process concluded with the

5

Pennsylvania Supreme Court's denial of allowance of appeal on December 19, 2018.[3] At that point, the AEDPA limitations period began to run again, with only 107 days remaining. Based upon these circumstances, the habeas petition would have to have been filed by April 15, 2019 in order to be timely. It was not filed, however, until May 19, 2019 at the earliest, the date that Petitioner states he signed it and handed it to prison officials for mailing.

Given these calculations, Truesdale's petition would be considered non-compliant with 28 U.S.C. § 2244(d) and subject to dismissal absent a valid claim that concerns of equity require that the limitations period be tolled. The United States Supreme Court recognizes that the AEDPA statute of limitations is subject to equitable tolling but that such tolling is appropriate only where extraordinary circumstances prevented the petitioner from filing his petition on time and where the petitioner diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). Alternatively, the untimeliness of a habeas petition may be excused if the petitioner has made a showing of actual innocence. As set forth by the Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), a showing of actual innocence can serve as a gateway to permit habeas review of otherwise procedurally-barred claims where a petitioner can persuade the federal court that, in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To make this showing, a petitioner must present "(1)

---

[3] A state post-conviction petition is deemed pending for purposes of § 2244(d)(2) only when it is being reviewed by the state courts or the time for seeking further review within the state court system is still available. One example of this is after the Superior Court has ruled on an appeal and there is a 30-day period of time in which to seek allowance of appeal in the Pennsylvania Supreme Court. The United States Supreme Court has clarified that a state petition is not "pending" in this sense when the state's highest court has ruled notwithstanding the opportunity for the petitioner to seek *certiorari* in the United States Supreme Court. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007).

new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (quoting *Schlup*, 513 U.S. at 324, 327).

The petition filed by Truesdale does not refer to the standards of either equitable tolling or of actual innocence. Therefore, in order to ensure that this issue is developed and that Petitioner has an opportunity to be heard on the question of the timeliness of his petition before we file our Report, we are giving him an opportunity to show cause why his petition should not be dismissed as time-barred. An appropriate order follows.